UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

IN RE: CHERYL ANN FLUGENCE                             CASE NO. 04 BK-52152

  Debtor                                                          CHAPTER 13

---

GREAT WEST CASUALTY COMPANY,
A&R TRANSPORT, INC., KENT SERRET
AND AXIS SPECIALTY INSURANCE COMPANY

VERSUS                                                 CASE NO. 11 AP-5001

SHERAL A. FLUGENCE AND
KEITH RODRIGUEZ, TRUSTEE OF
THE CHAPTER 13 BANKRUPTCY
ESTATE OF SHERAL A. FLUGENCE

---

SHERAL A. FLUGENCE AND
KEITH RODRIGUEZ, TRUSTEE OF
THE CHAPTER 13 BANKRUPTCY
ESTATE OF SHERAL A. FLUGENCE

VERSUS                                                 CASE NO. 11 AP-5008

GREAT WEST CASUALTY COMPANY,
A&R TRANSPORT, INC., KENT SERRET
AND AXIS SPECIALTY INSURANCE COMPANY

---

## MOTION TO REMAND AND ABSTAIN

NOW INTO COURT, through undersigned counsel, come plaintiffs, SHERAL A. FLUGENCE AND KEITH RODRIGUEZ, TRUSTEE OF THE CHAPTER 13 BANKRUPTCY ESTATE OF SHERAL A. FLUGENCE, who moves this Court for an Order remanding the captioned matter to the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana and/or Abstain, for the following reasons, to wit:

1.

Defendants' Notice of Removal of this non-core proceeding is untimely as it was not filed within thirty (30) days of this Court's October 6, 2010 Order granting defendants'

Motion to Re-Open Sheral A. Flugence's Chapter 13 Bankruptcy Proceeding. 28 U.S.C. §1446(b).

2.

Even assuming that defendants' Notice of Remand was timely (which it clearly is not) pursuant to 28 U.S.C. §1334(c)(2), mandatory abstention applies because:

(A) This state court personal injury case is merely related to a bankruptcy case and could not have commenced in Federal Court in absence of Bankruptcy Jurisdiction (i.e. No Diversity or Federal Question).;

(B) This state court personal injury case is set for jury trial on May 2, 2011 in the 15th JDC, Lafayette Parish, Louisiana, and can thus be "timely adjudicated in a state forum".

3.

In the alternative, the Court should equitably remand pursuant to 28 U.S.C. § 1452(b) and/or permissively abstain pursuant to 28 U.S.C. § 1334(c)(1) on equitable grounds, in the interest of justice and/or in the interest of comity with State Court or respect for State law.

4.

Federal Courts look with disfavor on unfounded/untimely Removals filed in an attempt to delay, disrupt or otherwise interfere with the plaintiffs' state court trial date. See Order Granting Plaintiff's Motion to Remand (and awarding attorney fees and costs), *Charles v. Towing and Professionals, Inc.*, United States District Court, Western District of Louisiana, Lafayette-Opelousas Division, Hon. Tucker Melancon, No. 6:10-cv-1726, attached to plaintiffs' Memorandum in Support as Exhibit 3.

5.

Plaintiffs seek payment of just costs and actual expenses, including attorney's fees, incurred as a result of the improper removal.

Respectfully submitted,

ANDERSON & DOZIER

/s/Nick Blanda
NICHOLAS A. BLANDA (#29093)
Attorney for Cheryl A. Flugence
Post Office Box 82008
Lafayette, LA 70508-2008
(337) 233-3366 – phone
(337) 233-3163 – fax
Email: nicholas@andersondozier.com
carlissa@andersondozier.com

and

/s/ D. Patrick Keating
D. PATRICK KEATING [14417]
Attorney for Cheryl A. Flugence
P.O. Box 3426
Lafayette, LA 70502
Phone: (337) 354-2464
email: rickkeating@charter.net

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion to Remand and Abstain has this day been served upon:

Office of the U.S. Trustee
300 Fannin Street
Suite 3196
Shreveport, LA 71101

Michael Sistrunk
Kyle Kirsch
Hilliard Kelly
Attorney for Axis Specialty Insurance Co.
3445 North Causeway Blvd.
Suite 800
Metairie, LA 70002

James Dill
Attorney for Great West Casualty Co., A & R Transport, Inc. and Kent Serret
P.O. Box 3324
Lafayette, LA 70502

Keith Rodriguez
Chapter 13 Trustee
P.O. Box 3445
Lafayette, LA 70502

electronically and by placing same in the U.S. Mail, postage pre-paid and properly addressed.

Lafayette, Louisiana this 9th day of March, 2011.

                                                /s/ Nicholas A. Blanda
                                                   NICHOLAS A. BLANDA