UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF LOUISIANA

IN RE: CHERYL ANN FLUGENCE                 CASE #04-52152

                                                                        CHAPTER 13

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

AXIS SURPLUS INSURANCE COMPANY        ADV. PROC. NO. 11-05001
GREAT WEST CASUALTY COMPANY
A & R TRANSPORT, INC.
KENT SERRET

             **PLAINTIFFS**

**VERSUS**

**CHERYL ANN FLUGENCE**

             **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

       **NOW INTO COURT**, through undersigned counsel, come Axis Surplus Insurance Company, Great West Casualty Company, A & R Transport, Inc. and Kent Serret, which respectfully Amend its Complaint For Declaratory Judgment as follows:

1

I.

Plaintiffs Amend their opening paragraph to identify to read:

> **NOW INTO COURT**, through undersigned counsel, come Axis Specialty Insurance Company, Great West Casualty Company, A & R Transport, Inc. and Kent Serret, which respectfully Amend its Complaint For Declaratory Judgment as follows:

"Axis Specialty Insurance Company" was improperly identified in "Axis Surplus Insurance Company" Plaintiffs' Original Complaint for Declaratory Judgment.

II.

Paragraphs 1-10 of Plaintiff's Complaint for Declaratory Judgment remain the same.

III.

Plaintiffs Amend Paragraph 11 of their Complaint for Declaratory Judgment As follows:

11.

> On March 10, 2008, Flugence, through her attorney, filed suit against Great West Casualty Company, A & R Transportation, Inc. and Ken Serrett (Axis Specialty Insurance was later added to the suit). Flugence claims that she suffered serious and permanently disabling injuries as a result of the accident and seeks past, present and future medical expenses, lost wages, loss of earning capacity, as well as general damages, including pain and suffering, mental anguish, etc.[1] Settlement demands from her attorney have exceeded $2,000,000.00.

IV

Paragraphs 12-13 of Plaintiff's Complaint for Declaratory Judgment remain the same.

V.

Plaintiffs Amend Paragraph 14 of their Complaint for Declaratory Judgment As follows:

---

[1] *Id.*

14.

Axis Specialty Insurance Company, Great West Casualty Company, A & R Transport, Inc. and Kent Serret, allege that Cheryl Ann Flugence is judicially estopped from prosecuting her personal injury suit in state court, and Plaintiffs seek a Declaratory Judgment from this Honorable Court, applying the doctrine of judicial estoppel in accordance with applicable law [in particular *In re Superior Crewboats, Inc.*, 374 F.3d 330 (5th Cir. 2004)] and declaring that the state court personal injury lawsuit is to be dismissed.

VI.

Paragraph 15 remains the same.

VII

Plaintiffs Amend their closing paragraph to identify to read:

WHEREFORE, Plaintiffs, Axis Surplus Insurance Company, Great West Casualty Company, A & R Transport, Inc. and Kent Serret, after due proceedings are had, pray for a declaratory judgment in their favor and against Cheryl Ann Flugence, declaring that the doctrine of judicial estoppel prohibits Cheryl Ann Flugence from prosecuting her personal injury claim against them.

VIII

The sole purpose of this Amended Complaint for Declaratory Judgment is to correct the name of the Plaintiff, Axis Speciality Insurance Company, from "Axis Surplus Insurance Company" as it was misidentified in the Original Complaint for Declaratory Judgment. No other changes are intended with this amendment and defense counsel has no objection to this amendment.

WHEREFORE, Plaintiffs, Axis Specialtiy Insurance Company, Great West Casualty Company, A & R Transport, Inc. and Kent Serret, after due proceedings are had, pray for a declaratory judgment in their favor and against Cheryl Ann Flugence, declaring that the doctrine of

3

judicial estoppel prohibits Cheryl Ann Flugence from prosecuting her personal injury claim against them.

| | |
|---|---|
| /s/ Hilliard F. Kelly, III | /s/ James M. Dill |
| MICHAEL R. SISTRUNK (12111) | JAMES M. DILL (18868) |
| KYLE P. KIRSCH (26363) | THE DILL FIRM, A.P.L.C. |
| HILLIARD F. KELLY, III (25741) | 825 Lafayette Street |
| McCRANIE, SISTRUNK, ANZELMO, | Post Office Box 3324 |
| HARDY, McDANIEL & WELCH, L.L.C. | Lafayette, Louisiana 70502-3324 |
| 3445 N. Causeway Blvd, Suite 800 | Telephone: (337) 261-1408 |
| Metairie, Louisiana 70002 | ATTORNEY FOR DEFENDANTS |
| Telephone: (504) 831-0946 | GREAT WEST CASUALTY CO., |
| ATTORNEYS FOR DEFENDANT | A & R TRANSPORT, INC. AND |
| AXIS SPECIALTY INSURANCE COMPANY | KENT SERRET |

*Certificate of Service, Next Page*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2011, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to:

        David Patrick Keating
        PO Box 3426
        Lafayette, LA 70502
        (337) 354-2464
        Fax : (337) 266-2111
        Email: rickkeating@charter.net

        Nicholas A. Blanda
        POB 82008
        Lafayette, LA 70598-2008
        (337) 233-3366
        Fax : (337) 233-3163
        Email: nicholas@andersondozier.com

by operation of the court's electronic filing system.

        /s/Hilliard F. Kelly, III
        MICHAEL R. SISTRUNK (12111)
        KYLE P. KIRSCH (26363)
        HILLIARD F. KELLY, III (25741)
        McCRANIE, SISTRUNK, ANZELMO,
        HARDY, McDANIEL & WELCH, L.L.C.
        3445 N. Causeway Blvd, Suite 800
        Metairie, Louisiana 70002
        Telephone: (504) 831-0946
        ATTORNEYS FOR DEFENDANT
        AXIS SURPLUS INSURANCE COMPANY
        msistrunk@mcsalaw.com
        kkirsch@mcsalaw.com
        tkelly@mcsalaw.com